

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

.C MANN
GENERAL

February 23, 1939

Hon. Julian Montgomery, Engineer
State Highway Department
Austin, Texas

Dear Mr. Montgomery:

O-304

Re: D-1 Title Opinion on County Warehouse
Site at Balmorhea, Reeves County, Containing 1.212 acres

This Department has received your request
for an opinion on the title to the above captioned
premises as reflected by the following abstracts.

Abstract of title No. 844 covering 1.212
acres out of 107.11 acres of Section 31, Block 13,
H. & G. N. Railroad Company Surveys, Reeves County,
Texas consisting of pages 1 to 33 inclusive and compiled by McKenzie-Brady Abstract Company, Pecos,
Texas.

Supplemental abstract of title No. 14,664
covering the above land and consisting of pages 1 to
69 inclusive and compiled by Pecos Abstract Company,
Pecos, Texas.

Supplemental abstract of title No. 15,003
covering the above land consisting of pages 1 to 50
inclusive, pages 1 to 7 inclusive, and pages 1 to 7
inclusive and compiled by Pecos Abstract Company,
Pecos, Texas.

The above abstract and supplements certify
the title to the property under search from the date
of patent from the State of Texas to February 2, 1939
at five o'clock. The certificate should be brought
up to date of closing your purchase.

We find that Charles L. Splittgarber and
wife Mrs. Tillie Splittgarber have good fee simple

title to the 1.212 acres described in the warranty deed from Charles Splittgarber and wife Tillie Splittgarber, to the State of Texas, subject to the following objections and requirements.

1. Objection: At page 6 of the second supplement to the abstract there appears an order of the court removing the disabilities of John Henry Koler. The abstract fails to show:

(a) the citation issued to the County Judge made necessary by the fact that the minor's father was dead;

(b) the application made by John Henry Koler;

(c) the order appointing a guardian ad litem.

We do not know if these instruments were filed or if they meet the requirements of our statutes.

REQUIREMENT: The abstract should show:

(a) the citation to the County Judge;

(b) the application of John Henry Koler;

(c) the order appointing the guardian in that proceeding.

2. Objection: The title of Charles Splittgarber and wife Tillie Splittgarber was acquired by conveyances from the heirs and assignees of the heirs of J.P. Koler, but the estate of J.P. Koler was in administration and the abstract does not disclose that the administration has been closed or that all of the claims against the estate have been paid. The outstanding claims against the estate, if any, would constitute liens upon the property under search.

REQUIREMENT: The administration of the estate of J.F. Meier should be closed and the instruments inserted in the abstract.

3. Objection: The tax certificate issued by Louis Robinson, Tax Collector of Reeves County, recites that it covers 166 acres in Section 51, Block 13, H. & C. N. Railroad Survey in the name of Charles Splittgarber. The description is not sufficient for us to determine whether the 1.212 acres under search is included in the lands covered by the certificate.

REQUIREMENT: The tax certificate should specially cover the 100.27 acres acquired by Charles Splittgarber from the heirs and assignees of J.F. Meier. The 1.212 acres under search is a part of the 100.27 acres formerly owned by J.F. Meier.

We cannot personally inspect the property you are about to purchase and you should determine to your satisfaction, that there are no persons living on any part of the property or asserting any right of possession.

The warranty deed attached to the abstract appears to be in good form, however, you should see that the acknowledgments are properly dated and executed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Morris Hodges
Morris Hodges
Assistant

HH:ob

APPROVED:

ATTORNEY GENERAL OF TEXAS